[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13795
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00332-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AHMAD MCCASLIN,
a.k.a. Sean,
a.k.a. Buddy,
a.k.a. Squirrel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2021)

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Ahmad McCaslin, acting pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

McCaslin moved for compassionate release in August 2020. His pro se motion was on a form that included a checklist of empty boxes next to potentially applicable "extraordinary and compelling reasons," which corresponded with the reasons listed in U.S.S.G. § 1B1.13 n.1. McCaslin checked none of those boxes. Instead, he argued that he should receive compassionate release because his underlying health condition of hypertension exposed him to an increased risk of severe illness if he contracted COVID-19. The district court denied his motion because it found that he had not exhausted his administrative remedies as required by the statute.

One day after the court issued that order, McCaslin filed what he labeled as a "Notice of Administrative Remedy for Compassionate Release." The filing included emails that he claimed showed he had requested the prison warden grant him compassionate release. The district court construed the filing as a motion for reconsideration and ruled that the emails still did not show exhaustion because they did not show a request for compassionate release. The court also ruled in the alternative that even if McCaslin had exhausted his administrative remedies, he had not shown extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13 cmt. n.1.

2

McCaslin's initial brief contends only that he provided the district court with enough information to show that he had exhausted his administrative remedies. The government responds that the district court's order should be affirmed because McCaslin has abandoned any challenge to the court's alternative ruling on the merits, but that in any event the alternative ruling was correct.

We review only for an abuse of discretion the district court's denial of McCaslin's motion for reconsideration. United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018). But we review de novo "determinations about a defendant's eligibility for a § 3582(c) sentence reduction." United States v. Bryant, 996 F.3d 1243, 1251 (11th Cir. 2021).

We will assume that McCaslin exhausted his administrative remedies and did not abandon his challenge to the district court's alternative ruling, because it doesn't matter; the court did not err in ruling that he was ineligible for compassionate release. The court reasoned that McCaslin had not shown extraordinary and compelling reasons for compassionate release because he had not alleged or shown that his circumstances fall within any of the circumstances listed in U.S.S.G. § 1B1.13 cmt. n.1. That was correct. We have held that § 1B1.13's first application note lists the exhaustive set of "extraordinary and compelling" circumstances allowing for compassionate release. See Bryant, 996 F.3d at 1263. "Because [McCaslin's] motion does not fall within any of the

3

reasons that [§] 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence." Id. at 1265; see also United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) (affirming the district court's conclusion that the prisoner's hypertension and other medical conditions were not an "extraordinary and compelling" reason for granting compassionate release).

**AFFIRMED.**